**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RANDY RAY HAYES, an individual, | Case No. 17-cv-01239 |
| Plaintiff, | **DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC RULE[1] 12 MOTION** |
| vs. | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington corporation, | Filing Date: February 16, 2017 |
| Defendant. | |

### DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S RULE 12 MOTION

Now comes Defendant, Receivables Performance Management, by and through their attorneys, Gordon & Rees LLP, and moves for the dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure. In support of the instant motion, ICS states as follows:

### I.     STATEMENT OF FACTS:

Plaintiff, Randy Ray Hayes ("Plaintiff"), alleges that he is a "consumer" as defined by 15 U.S.C. §1692a(3), but does not state how he reached this conclusion. Dkt. 1, ¶ 5. Plaintiff then alleges Defendant is a debt collector because of its website content and membership with trade association ACA International, but does not allege the debt in this case is a "consumer debt." *Id*., at ¶¶ 8 & 9.

Next, Plaintiff alleges at some unknown time in January 2017, he began receiving calls from Defendant to his cellular phone (773) XXX-8096 looking for "Iesha Wayne." *Id*. at ¶¶ 13 & 20. Plaintiff alleges he is the sole owner/operator of the cell phone; had no prior business relationship with Defendant; and did not give Defendant permission to call his cell phone. *Id*. at ¶¶ 14 & 17. Further, during these calls Plaintiff told Defendant he was not Iesha Wayne, it was

---

[1] Unless otherwise noted, all references to "Rule" shall be to the Federal Rules of Civil Procedure.

calling a wrong number and to stop calling him; but the calls have persisted up to February 16, 2017. *Id*. at ¶¶ 21-25.

While Plaintiff does know when the complained of calls began, he can definitively state that on January 30, 2017 he received 3 calls from Defendant and at least 20 calls over an undisclosed time period. *Id*. at ¶¶ 26-28. Then, after consulting with his lawyer, Plaintiff purchased a call blocking application for his cell phone costing him $42.00, but does not say when the purchase was made or if any further calls were received. *Id*. at ¶¶ 29 & 30.

Finally, Plaintiff contends Defendant called his cellular telephone using an Automatic Telephone Dialing System ("ATDS") because when he answered the calls, there would be a pause before a representative would come on the line, and on other calls there was just "dead air." *Id*. at ¶¶18, 19 & 48. But Plaintiff admits that these "facts" do not constitute an ATDS because he also states that an ATDS is defined as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *Id*. at ¶ 47. "Dead air" and pauses are not elements of the ATDS definition. Moreover, no where in Plaintiff's Complaint does he allege that Defendant's telephone system have the capacity to store or produce telephone numbers *using* a random or sequential number generator.

As a result, Plaintiff alleges he has been harassed and has suffered harm in the form of "invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury, and diminished use and functionality of his cellular telephone." *Id*. at ¶¶ 31-32. Plaintiff then asserts three general claims predicated on the foregoing:

1. Violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §1692b(3); §1692(c)(a)(1); §1692(d)(5); §1692e; and §1692f. *Id*. at ¶¶ 34-45.

2. Violations of the Telephone Consumer Protection Act ("TCPA"), by placing calls through an ATDS without consent. *Id*. at ¶¶ 46-51.

3. Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 based on the identical conduct alleged as to Claims 1 & 2. *Id*. at ¶¶ 52-58.

## II.   LEGAL STANDARDS:

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In ruling on a motion to dismiss under 12(b)(6), the court must inquire whether the complaint satisfies the "notice-pleading" standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). To satisfy the notice-pleading standard of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "In other words, the plaintiff's complaint must be sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012)

> The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. First, pleadings consisting of no more than mere conclusions are not entitled to an assumption of truth. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Second, if there are well-pled factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 678-79.

Rule 12(e) allows a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response, and/or for a failure to comply with Rule 8. Fed. R. Civ. Proc. 12(e).

## III. ARGUMENTS:

### A. Plaintiff Must Provide a More Definite Statement.

"A party may move for a more definite statement of the pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e).

Here, Plaintiff alleges he is a consumer, but fails to state facts supporting this conclusion. Also, Plaintiff states Defendant is a "debt collector," but again fails to state facts supporting this conclusion. As discussed further below, certain aspects of Plaintiff case may fail as a matter of law depending on whether he is a "consumer," and whether Defendant is a "debt collector."

Similarly, while the complaint was filed somewhere between 3 and 6 weeks after the calls allegedly began, Plaintiff fails to state when they started and exactly how many were received prior to filing this complaint. Presumably Plaintiff still has access to his cell phone and/or cell phone bills and can provide that information. As discussed further below, certain aspects of Plaintiff case may fail as a matter of law depending on how many calls were placed and over what period of time.

In light of the allegations of the Complaint being predicated on when calls started and when Plaintiff informed Defendant he was not the debtor they were looking for and to stop calling the wrong number, these facts need to be known now so Defendant can prepare its defense(s).

### B. Plaintiff's Claims Fail to State a Cause of Action

Plaintiff's Complaint does not provide sufficient factual allegations to support the claims asserted therein. Instead, the Complaint provides nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."

#### 1. A Dismissal of Plaintiff's FDCPA Claims is Warranted.

To prevail on an FDCPA claim, a plaintiff must prove (1) she is a consumer, (2) the defendant is a debt collector, (3) the challenged practice involves an attempt to collect a debt as the FDCPA defines it, and (4) a violation of a provision of the FDCPA in attempting to collect

the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3rd Cir. 2014). Here, Plaintiff alleges that Defendant violated 15 U.S.C. §§1692b(3); 1692c(a)(1); 1692d(5); 1692e(10); and 1692f, all of which are predicated on the same set of facts.

### a. Plaintiff is not a "Consumer."

Under 15 U.S.C. § 1692a(3), the term "consumer" means any natural person obligated or allegedly obligated to pay any debt. Here, Plaintiff claims that he is a "consumer" as defined by 15 U.S.C. § 1692a(3). Dkt. 1, ¶ 5. The Complaint, however, is devoid of any facts supporting the assertion. Rather, Plaintiff argues against this conclusion when he alleges that Defendant was calling to collect a debt from someone else. Dkt. 1, ¶¶ 13, & 20-25. If Iesha Wayne is the actual debtor, Plaintiff cannot be the "consumer."

### b. 15 U.S.C. §§ 1692b(3).

Under 15 U.S.C. § 1692b, "Any debt collector communicating *with any person **other than** the consumer for the purpose of acquiring location information about the consumer shall*…(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information. 15 U.S.C. § 1692b(3).

Here, Plaintiff alleges that he is the consumer. Dkt. 1, ¶ 5. Thus, §1692b(3) does not apply. Therefore, this claim should be dismissed.

### c. 15 U.S.C. § 1692c(a)(1).

15 U.S.C. § 1692c is understood to protect only the consumer, thus only a "consumer" has standing to sue for violations under § 1692c. *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013). If Plaintiff is not the "consumer" this claim should be dismissed.

Furthermore, §1692c(a)(1) seeks to protect the consumer from communications at unusual times or places known or which should be known to be inconvenient to the consumer. Regardless of whether Plaintiff is a "consumer," Plaintiff does not allege he received phone calls at inconvenient times or places. Dkt. 1, ¶¶ 18-28.

####       d.       15 U.S.C. §§ 1692d(5).

Under, 15 U.S.C. § 1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with *intent* to annoy, abuse, or harass any person at the called number. 15 U.S.C. §1692d(5).

For purposes of the FDCPA section 1692d(5), "continuously" means "making a series telephone calls, one right after the other," and "repeatedly" means "calling with excessive frequency under the circumstances." *Kromelbein v. Envision Payment Solutions, Inc.*, 2013 U.S. Dist. LEXIS 107762, 2013 WL 3947109, at *4 (M.D. Pa. Aug. 1, 2013). In order to determine whether a debt collector acted with the requisite intent, courts look at the frequency, pattern, and substance of the calls. *Nyce v. Sterling Credit Corp.*, 11-cv-5066, 2013 U.S. Dist. LEXIS 4857, 2013 WL 1388051, *4 (E.D. Pa. April 3, 2013). Whether repeated phone calls were made with "intent" to annoy, abuse, or harass, depends on the volume and pattern of calls. *Hendricks v. CBE Group, Inc.*, 891 F.Supp.2d 892, 896 (Ill N.D. 2012).

Here, Plaintiff has failed to sufficiently allege the volume or pattern of the calls. There are no specific allegations of intent. Thus, without the volume and pattern of calls being alleged Plaintiff has failed to allege sufficient facts.

####       e.       15 U.S.C. §§ 1692e(10).

Under, 15 U.S.C. §1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the *collection of any debt*. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…(1) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10).

A plaintiff must show the technically false statement would also mislead the unsophisticated consumer. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009).

Additionally, materiality is an ordinary element of any federal claim based on a false or misleading statement. Therefore, the language must constitute a materially false statement. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

Here, Plaintiff claims that Defendant's calls, were a "deceptive attempt to force him to answer his calls." Dkt. 1, ¶ 42. Other than informing Defendant that he was not the debtor, however, Plaintiff does not allege that he engaged in any substantive conversations with Defendant. In other words, Plaintiff fails to allege that Defendant said anything that could be construed as materially false. Therefore, Plaintiff's claim should be dismissed.

### f. 15 U.S.C. § 1692f.

Under, 15 U.S.C. § 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…" As the "catch-all" provision of the FDCPA, a plaintiff must establish a separate factual basis of misconduct beyond which he asserts violates other provisions of the FDCPA. Redundant claims have been dismissed as duplicative. *See*, *Turner v. Prof'l Recovery Servs.*, 956 F.Supp.2d 573, 580-81 (N.J. D.C. 2013).

Here, Plaintiff's claim under §1692f is predicated on the same set of facts used in other FDCPA allegations. Thus, this claim is redundant and duplicative. Therefore, Plaintiff's claim should be dismissed.

### 2. A Dismissal of Plaintiff's TCPA Claim is Warranted.

To establish a TCPA violation, Plaintiff must show that he was called on his cellular telephone by an ATDS, without his consent. 47 U.S.C. §227(b)(1)(A). An ATDS is defined by the TCPA as "equipment which has the capacity (A) to store or produce telephone numbers to be called, *using* a random or sequential number generator, and (B) to dial such numbers." 47 U.S.C. §227(a)(1)(emphasis added).

Here, Plaintiff fails to allege that Defendant's telephone system has any of the elements listed in 47 U.S.C. §227(a)(1). Instead, Plaintiff alleges that Defendant must be using an ATDS because when he answered the calls there was "dead air" or pauses before a representative would come on the line. Dkt. 1, ¶¶18, 19 & 48. But those allegations are not sufficient. *See generally*,

*Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1291 (S.D. Cal. 2014)[2]; *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1193 (W.D. Wash. 2014); *Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637, 638 (E.D. Pa. 2014); *Pozzo v. Stellar Recovery Collection Agency, Inc.*, 2016 U.S. Dist. LEXIS 1464325 (Fl. M.D.C. 2016); *See also*, *Strauss v. CBE Group, Inc.*, 173 F.Supp.3d 1302, 1308-09 (Fl. S.D. 2016); *Smith v. Stellar Recovery, Inc.*, 2017 U.S. Dist. LEXIS 35658 (Mich. E.D. 2017).

### 3. A Dismissal of Plaintiff's Illinois Consumer Protection Fraud and Deceptive Business Practices Act Claim is Warranted.

To succeed in a private cause of action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), a plaintiff must prove (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Avery v. State Farm Mut. Auto. Ins.*, 216 Ill.2d 100, 190 (Ill. 2005).

Since this claim is predicated on the same set of facts as the FDCPA and TCPA claims: use of an ATDS and the call volume pattern; to the extent the FDCPA and TCPA claims fail, so to does the ICFA claim. Thus, if the FDCPA and TCPA claims are not properly pled, this claim is not properly pled and should be dismissed.

///

///

///

---

[2] The *Marks* case is currently on appeal to the Ninth Circuit, and is under submission.

## IV.     **CONCLUSION:**

Based on the foregoing, Defendant seeks a dismissal of Plaintiff's Complaint, in its entirety, on the basis of lack of subject-matter jurisdiction on the basis of standing and for failure to state a claim upon which belief can be granted under the FDCPA, TCPA, and Illinois Consumer Fraud and Deceptive Business Practices Act.

Dated:  December 22, 2017                         Respectfully submitted,

                                                  GORDON & REES LLP

                                             By:   *s/Sean P. Flynn*
                                                  Sean P. Flynn,
                                                  *Attorney for Defendant Receivables Performance Management, LLC*

Sean P. Flynn, Esq.
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
(949) 255-6950

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and serve a copy of the foregoing document via electronic mail in accordance with Local Rule 5.9 to:

***Attorneys for Plaintiff***
Nathan C. Voiheim
Taxiarchis Hatzidimitriadis
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com

Dated: December 22, 2017                   Respectfully submitted,

                              By:   *s/Sean P. Flynn*
                                   Sean P. Flynn (CA SBN: 220184)
                                   GORDON & REES LLP
                                   2211 Michelson Dr., Suite 400
                                   Irvine, CA 92612
                                   Phone: (949) 255-6958
                                   Fax: (949) 474-2060
                                   sflynn@gordonrees.com
                                   *Attorney for Defendant Receivables*
                                   *Performance Management, LLC*