# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RANDY RAY HAYES, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-1239 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy Ray Hayes ("Plaintiff") filed this action against Defendant Receivables Performance Management, LLC ("Defendant"), bringing claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count I); Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (Count II); and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Count III). Currently before the Court is Defendant's motion [32] for a more definite statement of claim by Plaintiff and to dismiss all claims in Plaintiff's complaint [1] for failure to state a claim. For the reasons stated below, Defendant's motion [32] is granted in part and denied in part. The motion for a more definite statement of claim is denied in light of the Court's ruling on Defendant's motion to dismiss, which is denied in part with respect to Counts I and II. Plaintiff may proceed with his FDCPA claim predicated on 15 U.S.C. § 1692d and his TCPA claim against Defendant. The motion to dismiss is otherwise granted, and Plaintiff's other claims in Count I and Court III in the Complaint are dismissed without prejudice. Plaintiff is given until October 26, 2018 to file an amended complaint regarding the dismissed claims consistent with this opinion if he chooses to do so. This case is set for further status on November 7, 2018 at 9:00 a.m.

## I. Background[1]

Defendant is "a national leader in accounts receivable management" and regularly collects upon consumers in Illinois. [1, ¶ 8.] Plaintiff alleges that Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts and is a member of ACA International, an association of credit and collection professionals. According to Plaintiff, beginning in January 2017 and continuing until the filling of this action on February 16, 2017 [*id.* ¶ 13], Defendant has repeatedly called Plaintiff's cellular phone seeking to speak with "Iesha Wayne," [*id.* ¶¶ 20, 28].

Upon answering the calls from Defendant, Plaintiff experiences a brief pause lasting a few seconds in length and has to say "hello" multiple times before a live representative joins the call. [*Id.* ¶ 21.] On other occasions, no one has answered when Plaintiff picks up and he experiences "dead air." [*Id.* ¶ 20.] While it is unclear how many times Plaintiff has spoken to a representative of Defendant, Plaintiff has spoken to a representative at least once and informed him or her that he is not "Iesha Wayne," and has demanded that Defendant stop contacting him more than once. [*Id.* ¶¶ 20–21, 24.] The calls have not stopped despite Plaintiff's demand; in fact, Defendant has called Plaintiff at least twenty times since he demanded Defendant stop calling. [*Id.* ¶ 28.] On several occasions, Defendant has called Plaintiff multiple times in a day. [*Id.* ¶¶ 26-27.] Prior to the calls at issue, Plaintiff had had no business dealings with Defendant. [*Id.* ¶ 17.]

Plaintiff filed his complaint ("the Complaint") against Defendant relating to these events on February 16, 2017. [See, 1.] Plaintiff brought claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count I); Telephone

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (Count II); and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Count III).

This case was initially assigned to Judge Shadur. [See, 7.] Defendant filed a motion for a more definite statement of claim and to dismiss for failure to state a claim on April 20, 2017. [See, 15.] On April 28, 2017, Judge Shadur continued the motion to dismiss until June 5, 2017 [20], and on June 1, stayed the case indefinitely in light of the *ACA International* litigation pending in the District of Columbia Court of Appeals, [21; 24, at 3]. On August 28, 2017, the case was reassigned to this Court. [22.] On December 8, 2017, the Court lifted the stay and gave Defendant two weeks to refile its motion to dismiss. [See, 31.] Defendant then filed the instant motion for a more definite statement of claim and to dismiss for failure to state a claim on which relief can be granted. [See 32.] Plaintiff filed a response [36], and Defendant has filed a reply [42].

**II.    Legal Standard**

Defendant seeks a more definite statement of claim under Federal Rule of Civil Procedure Rule ("Rule") 12(e) and has moved to dismiss Plaintiff's Complaint under Rule 12(b)(6).

A motion for a more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Upon a motion that points to the purported defects and the details desired, the Court may order the filing of a more definite statement. In considering such a motion, a court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a "short and plain statement of the claim" will suffice. Fed. R. Civ. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such

that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### III.  Analysis

#### A. Motion for More Definite Statement

Rule 12(e) provides that a party may move for a more definite statement of claim when the pleading in question "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. Pro. 12(e). In light of the Court's resolution of Defendant's motion to dismiss under Rule 12(b)(6), the Court denies Defendant's Rule 12(e) motion for a more definite statement of claim. If Plaintiff files an amended complaint that Defendant believes to be vague or ambiguous, Defendant may renew its 12(e) motion at the appropriate time.

### B. Motion to Dismiss

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Specifically, Defendant argues Plaintiff has not alleged facts sufficient to state a claim under the FDCPA, TCPA, and ICFA.

#### 1. Fair Debt Collection Practices Act (Count I)

To state a claim under the FDCPA, a plaintiff must allege facts sufficient to establish that (1) Defendant qualifies as a debt collector as defined in the Act; (2) the actions complained of were taken in connection with the collection of any debt; and (3) Defendant's actions violated one or more substantive provisions of the FDCPA. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Defendant moves to dismiss Count I arguing (1) that Plaintiff has not alleged facts sufficient to show he is a consumer and thus entitled to bring an action under the FDCPA, (2) Plaintiff's assertions that he is a consumer prohibit his claim under 15 U.S.C. § 1692b; (3) Plaintiff has failed to allege sufficient facts to support his claims under the substantive provisions of the FDCPA: 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f. The Court addresses each argument in turn.

##### a. Plaintiff's Consumer Status

Plaintiff's complaint states that he is "a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA." [1, ¶ 5.] As explained above, conclusory allegations of law are not sufficient to state a claim. Plaintiff must state facts that plausibly show he is a consumer. For the reasons that follow, the Court concludes he has not done so.

Section 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Defendant argues that Plaintiff's allegations preclude a finding that he is a consumer because they assert Plaintiff mistakenly received calls in

Defendant's pursuit of someone else's debt. [32, at 5; 1, ¶¶ 13, 20–25.] The question is whether Plaintiff's allegations that he is natural person who received multiple telephone calls attempting to collect the debt of an unrelated third person are sufficient to allege he is a consumer under the FDCPA. [1, ¶¶ 4, 13, 18–22.]

The Seventh Circuit has held that the definitions set forth in the FDCPA "extend[ ] the reach of the statute to collection activities without regard to whether the debt sought to be collected is actually owed." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003). Building on that notion, at least one Circuit has held "§ 1692a(3) [ ] include[s] individuals who are mistakenly dunned by debt collectors." *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011). At least one court in this district also has extended the FDCPA's consumer protections to individuals who receive collection notices due to a case of mistaken identity. *Thompson v. CACH, LLC*, 2014 WL 5420137, at *3 (N.D. Ill. Oct. 24, 2014) (citing *Schlosser* and *Dunham* and stating "[t]hese definitions compel the court to recognize that FDCPA protections extend to individuals * * * whom a debt collector mistakes for a debtor and targets for debt collection.").

In *Thompson*, the court denied the debt collector's motion to dismiss on the basis that the defendant had been seeking to collect from "Brandi N. Thompson" and not the plaintiff, "Brandi L. Thompson." 2014 WL 5420137, at *2–3. In *Thompson*, the plaintiff sued after the defendants filed a wage deduction summons with her employer to collect on a debt owed by another Brandi Thompson. *Id.* at *1-2. The plaintiff alleged that prior to filing the summons, an agent of the defendants had called her to verify her connection to the debt at issue. *Id.* at *1. The plaintiff's allegations clearly established that she had informed the caller that she was not the debtor, and that the caller had apologized for bothering her. *Id.* The court concluded that defendants' filing of the

6

summons, despite knowing that the plaintiff was not the debtor, undermined their attempt to dissociate the plaintiff from their debt collection efforts. *Id.* at *2. Consequently, Thompson could pursue a claim under § 1692d. *Id.*

Here, as in *Thompson*, Defendant asserts that Plaintiff cannot be a consumer because he does not owe the debt Defendant seeks to collect and has pled as such. [32, at 5.] The question is whether the Court may infer that Defendant was attempting to collect a debt from Plaintiff because Defendant allegedly kept calling the Plaintiff, even after he told Defendant that it had the wrong number and that he was not "Iesha Wayne." Plaintiff asserts that the Court may make such an inference, even though—in contrast to the defendants in *Schlosser, Dunham*, and *Thompson*—Defendant never actually attempted to collect from Plaintiff. [36, 3–4.] However, Plaintiff does not cite, nor has the Court's own research located, any cases in which individuals were able to proceed with claims under the consumer-only provisions of the FDCPA when their claim arose out of mistaken contact by a debt collector looking for someone else.

In fact, the cases suggest just the opposite. See, e.g., *Wright v. Enhanced Recovery Co., LLC*, 227 F. Supp. 3d 1207, 1209, 1213–14 (D. Kan. 2016) (suggesting plaintiff who received numerous telephone calls by mistake to collect a debt owed by someone else could only proceed under § 1692d of the FDCPA, which protects non-consumers); *Reddin v. Rash Curtis & Assocs.*, 2016 WL 3743148, at *2–3 (E.D. Cal. July 13, 2016), *appeal dismissed*, 2016 WL 9632304 (9th Cir. Nov. 25, 2016) (holding debtor's mother who mistakenly received a call after telling collection agency not to call her could not pursue a claim as a consumer); *see also Thomas v. Consumer Adjustment Co.*, 579 F. Supp. 2d 1290, 1298–99 (E.D. Mo. 2018) (holding debtor's girlfriend who received call and suffered an actual injury could state a claim under both § 1692c(b) and § 1692b given both prohibit certain behavior toward third parties).

7

In light of the weight of precedent against finding that a mistakenly contacted individual is a consumer under the FDCPA, especially where the individual was never asked to pay the debt, the Court concludes Plaintiff has not sufficiently alleged facts to show that he qualifies as a consumer under § 1692a(3) of the FDCPA.

### b. 15 U.S.C. § 1692b

In Count I(a), Plaintiff alleges that Defendant violated 15 U.S.C. § 1692b by continuing to call him after he informed Defendant that it had the wrong number. Section 1692b(3) requires that:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring information about the consumer shall * * * not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. § 1692b(3). Defendant argues that Plaintiff's allegation that he is a consumer forestalls any allegation that it violated § 1692b(3). [31, at 5.] But, as explained above, those conclusory allegations are not supported by facts that plausibly show Plaintiff to be a consumer within the meaning of the statute, and thus must be disregarded. See *Iqbal*, 556 U.S. at 679. The bare, unsupported assertion that Plaintiff is a consumer does not preclude his § 1692b(3) claim. However, the Court cannot reasonably infer from Plaintiff's allegations that Defendant continued to call Plaintiff to locate Iesha Wayne.[2]

The Complaint does not allege that Defendant ever asked any questions regarding the whereabouts of Iesha Wayne, nor plead facts that suggest that Defendant sought to gather

---

[2] Although Defendant did not specifically raise the issue of whether Plaintiff has sufficiently pled that Defendant sought information regarding Iesha Wayne's whereabouts or her contact information, the Court was obligated to review Plaintiff's allegations in total to address Defendant's argument. Consequently, the issue of whether Plaintiff pled sufficient facts to state a claim under 15 U.S.C. § 1692b is properly before the Court.

information regarding Wayne. Plaintiff simply alleges that when he spoke with Defendant's representative, the individual asked for Iesha Wayne and Plaintiff stated "he was not the individual [Defendant] was looking for and demanded [Defendant] stop contacting him." [1, ¶¶ 20–21.] These facts do not support a reasonable inference that Defendant initially called, or continued to call, to acquire information about the consumer, Iesha Wayne. See *McCauley*, 671 F.3d at 616 ("Making a plausibility determination * * * 'requires the reviewing court to draw on its judicial experience and common sense.'") (quoting *Iqbal*, 556 U.S. at 679).

Consequently, Defendant's motion to dismiss is granted as to Count I(a).

### c. 15 U.S.C. § 1692c

In Count I(b), Plaintiff alleges that Defendant's telephone calls violated 15 U.S.C. § 1692c(a)(1). Section 1692c(a)(1) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

15 U.S.C. § 1692c(a)(1). As explained above, on the basis of the existing complaint, Plaintiff is not a consumer under the FDCPA and therefore cannot pursue any claims under § 1692c(a)(1). See, *Todd v. Collecto, Inc.*, 731 F.3d 734, 737 (7th Cir. 2013) ("In contrast to § 1692d, § 1692c restricts debt collectors' communications with and about consumers and is understood to protect only the consumer-debtors themselves."); *Wright*, 227 F. Supp. 3d at 1213 n.26.

### d. 15 U.S.C. § 1692d

In Count I(b), Plaintiff also alleges Defendant's conduct constitutes harassing, oppressive, or abusive conduct prohibited by the FDCPA under 15 U.S.C. § 1692d. Section § 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

9

Section 1692d(5) specifically prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Multiple courts, including the Seventh Circuit, have noted that § 1692d protects not just consumers but any person mistreated by a debt collector. See, e.g., *Todd*, 731 F.3d at 737 ("courts have stressed that § 1692d is not a protection just for consumers but for any person mistreated by a debt collector"). Defendant asserts that Plaintiff has not sufficiently pled facts to establish a volume or pattern of calls to show intent. [32, at 6.] Defendant's own cited authority, however, suggests otherwise.

"[W]here a plaintiff has shown that he asked the collection agency to stop calling or has informed the collection agency that it has the wrong number, and the collection agency nevertheless continued to call the plaintiff, courts have found intent." *Hendricks v. CBE Group, Inc.*, 891 F. Supp. 2d 892, 896 (N.D. Ill. 2012) (collecting cases). Here, Plaintiff alleges facts showing an intent to harass. Plaintiff alleges that he has informed Defendant on at least one occasion that it has the wrong number and has demanded Defendant to stop calling him on multiple occasions. [1, ¶¶ 21, 24.] Despite Plaintiff's demands, the calls have continued, sometimes multiple times a day. [*Id.* ¶¶ 22, 26-28.] In fact, Plaintiff alleges that he has received at least 20 calls since he asked Defendant to stop calling. [Id. ¶¶ 28.] While Defendant asserts these allegations are not enough to state claim, the court in *Wright v. Enhanced Recovery Company* denied a motion for summary judgment where the parties agreed that the defendant had only been called 21 times but disagreed at what point and how many times the plaintiff had asked for the calls to stop. 227 F. Supp. 3d at 1214–15. In light of *Wright*, and the fact that Plaintiff alleges he demanded the calls to stop on numerous occasions, Plaintiff has alleged facts to show a plausible violation of the FDCPA with regard to § 1692d(5).

### e. 15 U.S.C. § 1692e

In Count I(c), Plaintiff alleges Defendant violated § 1692e—specifically e(10)—by continuing "to relentlessly contact Plaintiff" despite knowing Plaintiff was not the individual it sought. [1, ¶ 42.] On some of these calls Plaintiff experienced "dead air," which Plaintiff asserts is an "extremely deceptive behavior, as Defendant would not respond to Plaintiff, which only served to annoy and harass Defendant." [*Id.*]

Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Despite Plaintiff's assertions to the contrary, his allegations do not contain facts sufficient to state a claim under § 1692e.

Plaintiff argues that the Court can reasonably infer that Defendant sought to mislead or deceive the Plaintiff into believing he owed a debt by continuing to call him, even after being told to stop on multiple occasions.[3] [36, at 8.] But Plaintiff's own arguments show that, if anything, Defendant sought to annoy Plaintiff into paying the debt, not deceive him. [*Id.* ("As such, Defendant engaged in this behavior in an attempt to forcefully extract payment from Plaintiff * * *.").] The Court may reasonably infer that Defendant's actions were intended to annoy or harass, see Section I(B)(1)(d) *supra*; it cannot infer they were intended to deceive. See *McCauley*, 671 F.3d at 616.

---

[3] To the extent that Plaintiff asserts Defendant tried to convince him that it had the legal right to continue to call him [1, ¶ 42], the mere fact that the calls continued despite Plaintiff's demands to stop does not indicate that Defendant sought to deceive him. It would be a different matter if Defendant or its representative had ever stated it had such a right, but those are not the allegations before the Court.

11

Moreover, Plaintiff's own allegations show that Defendant's calls harassed or annoyed Plaintiff. [1, ¶ 42.] Plaintiff does not allege that he believed he owed the debt, or that Defendant or its agents ever said anything to him that even implicitly suggested he owed the debt. Instead, Plaintiff argues the mere fact that the calls continued over his protestations was an attempt to mislead him into paying the debt. Because the Court cannot make such an inference, Defendant's motion to dismiss is granted as to Count I(c).

### f. 15 U.S.C. § 1692f

In Count I(d), Plaintiff alleges that "Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff." [1, ¶ 44.] Section 1692f prohibits a debt collector from using "any unfair or unconscionable means to collect or attempt to collect any debt * * *." 15 U.S.C. § 1692f. A Plaintiff who uses the same factual allegations underlying another § 1692 claim for his § 1692f claim, however, fails to state an independent basis on which relief can be granted. See, e.g., *Heffron v. Green Tree Servicing, LLC*, 2016 WL 47915, at *5 (N.D. Ill. Jan. 5, 2016) (collecting cases). In such cases, the § 1692f claim must be dismissed. *Id.*

Despite Plaintiff's assertion to the contrary [see 36, at 8–9], Plaintiff relies on the same facts for his claims under § 1692f and § 1692d: Defendant called Plaintiff numerous times, including multiple times a day, despite being told to stop on multiple occasions. [*Id.*] Plaintiff seeks to punish Defendant for repeatedly calling him to collect another individual's debt even after telling Defendant that it had the wrong number and to stop. As explained above, § 1692d provides relief for such a claim. But, as *Heffron* and the cases that it cites persuasively hold, Plaintiff cannot seek redress against Defendant for the exact same behavior under two provisions of the same law. Consequently, Defendant's motion to dismiss is granted as to Count I(d).

## 2. Telephone Consumer Protection Act (Count II)

Plaintiff also alleges that Defendant's repeated calls to his cellphone without his consent violated the TCPA. To state a cause of action under the TCPA, a plaintiff must allege that: (1) a call was made; (2) using an automatic dialing system ("ATDS") or artificial or prerecorded voice; (3) to a telephone number assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient. *Hanley v. Green Tree Servicing, LLC,* 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013)*, on reconsideration* (June 7, 2013) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). Defendant asserts that Plaintiff has failed to state a claim under the TCPA because his allegations as to the second element do not sufficiently plead facts that show Defendant's telephone system meets the definition of an ATDS listed in 47 U.S.C. § 227(a). [32, at 7.]

A plaintiff must do more than simply parrot the language of the TCPA to allege that a defendant used an ATDS. See *Iqbal*, 556 U.S. at 678. But, as Defendant admits in its reply [42, at 7], and numerous courts in this district have held, a plaintiff need not allege that the system used to make the call(s) in question had the specific characteristics of an ATDS listed in § 227(a) to survive a motion to dismiss. See, e.g., *Izsak v. Draftkings, Inc.,* 191 F. Supp. 3d 900, 904 (N.D. Ill. 2016) (holding a plaintiff may sufficiently plead a defendant used an ATDS without providing allegations regarding the specific technical details of the alleged ATDS); *Ananthapadmanabhan v. BSI Fin. Servs., Inc.*, 2015 WL 8780579, at *4 (N.D. Ill. Dec. 15, 2015) (same); *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); see also *Washington v. Ross Med. Educ. Ctr.*, 2018 WL 2336073, at *1 (N.D. Ind. May 22, 2018) (same). Rather, as the cases below demonstrate, a plaintiff may state a claim by alleging facts about the call(s) she received that led her to believe a defendant used an ATDS.[4]

---

[4] The opinions cited by Defendant suggesting otherwise addressed summary judgment and do not apply at this stage of the case. See *Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1291 (S.D. Cal. 2014)

13

For example, one court explained a plaintiff may meet the TCPA's second element by describing:

> the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was prerecorded or delivered via an ATDS.

*Ananthapadmanabhan*, 2015 WL 8780579, at *4. Another court suggested hearing the distinctive "click and pause" after answering a call could support a plaintiff's claim that the call was made with an ATDS. *Martin*, 2015 WL 4148704, at *2.

Here, Plaintiff alleges both that he has experienced the distinctive "click and pause" after answering calls from Defendant [1, ¶ 18], and that on other occasions he experienced "dead air" and received no response whatsoever when he answered Defendant's calls, [1, ¶ 19]. Given these experiences, Plaintiff infers that Defendant used an ATDS to make these calls. [1, ¶ 47.] Considering the precedent above, the Court agrees that Plaintiff has pled sufficient facts to support the reasonable inference that Defendant used a ATDS to place the relevant calls.[5] Consequently, Defendant's motion to dismiss is denied as to Count II.

---

(holding the plaintiff must show Defendant used a system with the statutory requirements of an ATDS at summary judgement); *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1193 (W.D. Wash. 2014) (same); *Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637, 638 (E.D. Pa. 2014) vacated and remanded sub nom., *Dominguez v. Yahoo, Inc.*, 629 F. App'x 369 (3d Cir. 2015) (same); *Pozzo v. Stellar Recovery Collection Agency, Inc.*, 2016 WL 7851415 (M.D. Fla. 2016) (same); *Strauss v. CBE Group, Inc.*, 173 F. Supp. 3d 302 (Fl. S.D. 2016) (same); *Smith v. Stellar Recovery, Inc.*, 2017 WL 1336075 (E.D. Mich. 2017) (same).

[5] Defendant spends several pages in its response brief discussing the definition of an ATDS. [42, at 6–8.] As explained above, however, the definition of ATDS is not at issue here. The only issue is whether Plaintiff has pled facts sufficient to support a reasonable inference that an ATDS was used. He has. After Plaintiff has had the benefit of discovery regarding the kind of system Defendant used to place the calls, Defendant may renew its challenge.

### 3. Illinois Consumer Fraud and Deceptive Business Practices Act (Count III)

Plaintiff also seeks to pursue a claim for deceptive practices under the ICFA. Defendant counters that the ICFA claim fails for the same reasons as Plaintiff's FDCPA and TCPA claims. For the reasons set forth below, the Court agrees with Defendant.

To state a claim under the ICFA, a party must allege facts that show: "'(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.'" *Worley v. Mun. Collections of Am., Inc.*, 2015 WL 890878, at *3 (N.D. Ill. Feb. 27, 2015) (quoting *Avery v. State Farm Mut. Auto. Ins. Co.,* 835 N.E.2d 801, 850 (Ill. 2005)).[6]

As explained above, Plaintiff has not pled facts sufficient to show that Defendant engaged in a deceptive act or practice under 15 U.S.C. § 1692e. Thus, he has not pled facts to support his claim under the ICFA. While Defendant's calls may have been annoying, and possibly abusive, nothing in Plaintiff's complaint suggests that Defendant sought to deceive Plaintiff. As the Court has already explained, the Court cannot reasonably infer that Defendant sought to convince or deceive the Plaintiff into believing he owed the debt from the facts that Defendant kept calling, even after being told to stop. See *McCauley*, 671 F.3d at 616. Plaintiff's allegations state a claim for harassment or abuse, but they do not state a claim for a deceptive practice. Consequently, Defendant's motion to dismiss is granted as to Count III.[7]

---

[6] In Defendant's motion to dismiss [32] and Plaintiff's response [36], both agreed that Plaintiff's ICFA claim required the same or similar facts as his FDCPA and TCPA claims. [See 32, at 8; 36, at 12.] Given that the ICPA prohibits essentially the same kind of conduct as 15 U.S.C. § 1692e, the Court concludes the issue of whether Plaintiff sufficiently pled deceptive conduct is properly before it.

[7] Because the Court finds Plaintiff has not pled sufficient facts to show a deceptive act or practice claim, it need not address Defendant's argument that Plaintiff is not a "consumer" within the meaning of the ICPA at this time.

## IV. Conclusion

For the reasons stated above, Defendant's motion [32] is granted in part and denied in part. The motion for a more definite statement of claim is denied in light of the Court's ruling on Defendant's motion to dismiss, which is denied in part with respect to Counts I and II. Plaintiff may proceed with his FDCPA claim predicated on 15 U.S.C. § 1692d and his TCPA claim against Defendant. The motion to dismiss is otherwise granted, and Plaintiff's other claims in Count I and Court III in the Complaint are dismissed without prejudice. Plaintiff is given until October 26, 2018 to file an amended complaint regarding the dismissed claims consistent with this opinion if he so chooses. This case is set for further status on November 7, 2018 at 9:00 a.m.

Dated: September 26, 2018

Robert M. Dow, Jr.
United States District Judge